IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTISS L. JEMISON, #P03564,
    Plaintiff,

vs.                                      Case No.: 3:12cv517/RV/EMT

DAVID MORGAN, SHERIFF, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 4).

    Plaintiff names five Defendants in this action: David Morgan, Sheriff of Escambia County; Commander Hemphill, employed at the Escambia County jail; and Officers Cotten, Andrew, and Weaver, also employed at the jail (doc. 1 at 1, 2). Plaintiff claims that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights, and conspired to deprive him of those rights, by depriving him of medically required shoes (*id.* at 7–10). Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

    Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 1 at 5–7). Question A of Section IV asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (*id.* at 5). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*). He then disclosed <u>Jemison v. Hemphill, et al.</u>, Case No. 3:10cv266/MCR/EMT, which Plaintiff states he filed in the Escambia County court on

July 28, 2010 (*id.*).[1]  He states he raised claims of deliberate indifference, deprivation of constitutional rights, and conspiracy to deny his constitutional rights (*id.*).  Plaintiff states the case was dismissed without prejudice on August 18, 2010, due to his "failure to answer questionnaire correctly" (*id.*).

Question B of Section IV asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (doc. 1 at 5).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*).  He then disclosed <u>Jemison v. Hemphill, et al.</u>, Case No. 3:10cv265/MCR/EMT, which Plaintiff states he filed in the Escambia County court on July 27, 2010 (*id.*).[2]  He states he raised claims of deliberate indifference, deprivation of constitutional rights, and conspiracy to deny his constitutional rights (*id.*).  Plaintiff states it was dismissed without prejudice on September 1, 2010, due to his "failure to answer questionnaire correctly" (*id.*).

Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (doc. 1 at 6).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*).  Plaintiff then disclosed <u>Jemison v. Cannady</u>, Case No. 5:05cv154/SPM/EMT (*id.*).  Plaintiff states the case was dismissed on March 23, 2006, due to his failure to comply with an order, but he is unsure of the other information requested in Question C, including the district and division in which the case was filed, the name of the judge, the approximate filing date, and the facts and claims of the case (*id.*).

Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed" (*id.*).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes" (*id.*).  Plaintiff then disclosed <u>Jemison v. Laminike</u>, Case No. 1:99cv182/MMP/WCS (*id.*).  Plaintiff states the case was dismissed due to his failure to comply with

---

[1] The case was actually filed in this Court.

[2] The case was actually filed in this Court.

Case No:: 3:12cv517/RV/EMT

an order, but he is unsure of the other information requested in Question D, including the district and division in which the case was filed, the name of the judge, the approximate filing date, the facts and claims of the case, and the date of dismissal (*id.* at 6–7).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 10).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000). Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint in the instant case, October 23, 2012 (*see* doc. 1 at 10), he had previously filed Jemison v. Hemphill, et al., Case No. 3:12cv57/RV/CJK in this Court.[3] Plaintiff was incarcerated at the time he filed Case No. 3:12cv57/RV/CJK. Further, the action related to the conditions of his confinement, and one of the issues raised therein was the same issue

---

[3] The inmate number of the plaintiff in Case No. 3:12cv57/RV/CJK matches Plaintiff's. That case was filed on January 29, 2012. *See* Jemison v. Hemphill, et al., Case No. 3:12cv57/RV/CJK, Complaint (N.D. Fla. Feb. 3, 2012).

Case No:: 3:12cv517/RV/EMT

involved in the instant action.[4] The case was dismissed on August 3, 2012, prior to service. *See* Jemison v. Hemphill, et al., Case No. 3:12cv57/RV/CJK, Order (N.D. Fla. Aug. 3, 2012). Plaintiff did not list Case No. 3:12cv57/RV/CJK in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Questions B, C and D, and thus should have been included in Plaintiff's answer to any of those questions.

Additionally, as of the date Plaintiff filed his complaint in the instant case, he had previously filed Jemison v. Hemphill, et al., Case No. 3:12cv58/LAC/CJK in this Court.[5] Plaintiff was incarcerated at the time he filed Case No. 3:12cv58/LAC/CJK, and the action related to the conditions of his confinement.[6] Plaintiff did not list Case No. 3:12cv58/LAC/CJK in Section IV of the instant complaint, even though it qualified as a federal court action that was responsive to Question C, and thus should have been included in Plaintiff's answer to that question.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. His false response suggests he was deliberately attempting to hide his litigation history. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the instant action may result from his untruthful

---

[4] In his complaint, Plaintiff sued Commander Hemphill and Correctional Officers Cotten, Andrew, and Weaver, alleging they violated his Fifth, Eighth, and Fourteenth Amendment rights by forcing him to live in a jail housing area with a stairwell and failing to provide "medical shoes," even though medical doctors ordered him to wear medical shoes and "no stairs." *See* Jemison v. Hemphill, et al., Case No. 3:12cv57/RV/CJK, Complaint (N.D. Fla. Feb. 3, 2012).

[5] The inmate number of the plaintiff in Case No. 3:12cv58/LAC/CJK matches Plaintiff's. That case was filed on January 29, 2012. *See* Jemison v. Hemphill, et al., Case No. 3:12cv58/LAC/CJK, Complaint (N.D. Fla. Feb. 3, 2012).

[6] In his complaint, Plaintiff sued Commander Hemphill and Sergeants Bullus and Halford, employees of the Escambia County jail, alleging they violated his Fifth, Eighth, and Fourteenth Amendment rights by forcing him to live in a housing area with stairwells/staircases, even though medical doctors ordered "no stairs." *See* Jemison v. Hemphill, et al., Case No. 3:12cv58/LAC/CJK, Complaint (N.D. Fla. Feb. 3, 2012).

answers.[7]  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[8]  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 1st day of November 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[7] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 1 at 5) (emphasis and capitalization in original).

[8] Dismissal without prejudice is not too severe a sanction under these circumstances.  Plaintiff is free to re-file this matter if he so chooses.  *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).